**SO ORDERED.**

**SIGNED this 24 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

**SOUTHERN PRODUCE
DISTRIBUTORS, INC.,**

        Debtor.                        Case No. 03-02838-8-JRL

**SOUTHERN PRODUCE
DISTRIBUTORS, INC.,**

        Plaintiff,

vs.                                     Adversary Proceeding No.:
                                             L-05-00013-8-AP

**CHARLIE FRIEDMAN and
FRIEDMAN & BROUSSARD
PRODUCE, INC.,**

        Defendants.

_____

## **ORDER**

This matter is before the court on the motion for leave to file counterclaim and to join a third party,

motion to compel, and response to discovery request filed by defendants, and motions to compel, a motion for leave to amend pleadings, and response to discovery request filed by the plaintiff.[1] On August 8, 2006, the court conducted a hearing in Raleigh, North Carolina.

## Background

The plaintiff is a corporation organized under the laws of the State of North Carolina with its principal place of business in Faison, North Carolina. On March 31, 2003, the plaintiff filed a Chapter 11 petition. A plan of reorganization was confirmed in this case on September 17, 2004. The plaintiff is in the business of acquiring and selling sweet potatoes and other produce. On March 24, 2000, the plaintiff entered into a contract (the "Contract") with Charlie Friedman and Friedman & Broussard Produce, Inc., allowing them to exclusively purchase, broker and sell sweet potatoes and produce for the plaintiff beginning March 24, 2000 through March 23, 2010.

On January 19, 2005, the plaintiff filed a complaint against Charlie Friedman and Friedman & Broussard Produce, Inc. ("Friedman & Broussard"), asserting that the defendants violated the Contract, specifically the covenant not to compete. The plaintiff alleges that the defendants contacted their customers and solicited business from such customers without the plaintiff's consent. In their answer, the defendants argue that the plaintiff breached the contract initially and deny the plaintiff's allegations.

On July 11, 2005, the court conducted a pre-trial conference in this adversary proceeding. A scheduling order was entered establishing November 11, 2005 as the deadline for discovery. On

---

[1] The defendants also filed a motion for summary judgment that will be addressed by the court in a separate order.

September 9, 2005, the defendants filed a motion for extension of all deadlines in the case as the defendants are located in Slidell, Louisiana, which was severely damaged by Hurricane Katrina. The court granted the motion and the deadline for discovery was extended to January 10, 2006. The defendants subsequently filed a motion for protective order and another motion to extend deadlines. On January 30, 2006, the court denied the motion for protective order but extended the deadline for discovery to February 24, 2006.[2]

## Analysis

I.  Motion for Leave to File Counterclaim and to Join Third Party

The defendants assert that they have obtained information through discovery that shows that the plaintiff sold sweet potatoes under labels owned by Pamela Friedman and used by the defendants with her express permission. These alleged sales were not authorized by the defendants or Mrs. Friedman. Additionally, the defendants assert that they have learned through discovery that the plaintiff sold sweet potatoes post-petition to the defendants' customers. Based on the actions alleged, the defendants assert that they have various claims for relief against the plaintiff and D. Stewart Precythe, the CEO of the plaintiff. The defendants also argue that Pamela Friedman is a necessary party to this litigation. Pursuant to Rule 7013 and 7019 of the Federal Rules of Bankruptcy Procedure, the defendants seek an order allowing them to assert a counterclaim against the plaintiff and Mr. Precythe and to join Pamela Friedman as a party.[3]

---

[2] Due to the numerous notices of deposition in this case, the parties agreed that depositions could be taken outside of the February 24, 2006 deadline.

[3] The defendants' counterclaim is attached to their motion for leave to file counterclaim and to join a third party.

3

The plaintiff objects to the counterclaim on the basis that the confirmation order in this case precludes recovery on any claims based on the plaintiff's pre-confirmation conduct. As to the claim asserted against Mr. Precythe, the plaintiff contends that it has no merit. The plaintiff also argues that Mrs. Friedman is not a necessary party, as the defendants had exclusive use of the labels and therefore, would be the only party subject to injury resulting from unauthorized use.

Under Rule 7013(f), "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Omitted counterclaims "should be liberally permitted. . .in order to further the policy of efficient disposition of all disputes arising from a single transaction." Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420 (4th Cir. 1990). In determining whether a counterclaim should be permitted, Rule 15(a) of the Federal Rules of Civil Procedure has "been construed as prescribing essentially the same standards for granting leave to add omitted counterclaims." SFM Corp. v. Sundstrand Corp., 99 F.R.D. 101, 104 (N.D. Ill. 1983) (citing Chrysler Corp. v. Fedders Corp., 540 F. Supp. 706, 714-15 (S.D.N.Y. 1982)). Rule 15(a) has been interpreted by the United States Supreme Court to allow a party to amend pleadings "in the absence of any apparent or declared reasons - such as undue delay, bad faith or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). The Court also stated that leave to amend should be "freely given." Id.

The defendants in this case filed their motion for leave to file counterclaim on March 27, 2006, one week after the deposition of Pamela Friedman. They assert that the counterclaim is based on information obtained through discovery. The plaintiff has made no allegations that the defendants

delayed asserting their counterclaim or that the motion was filed in bad faith or with dilatory motives. Although the plaintiff does assert that the claims against Mr. Precythe are baseless, the court has no record on which to determine the truth of the pleadings. The court must accept the facts alleged in the counterclaim as true for the purposes of determining whether the counterclaim should be permitted under Rule 7013(f).

Based on the foregoing, the court finds that there the defendants' counterclaim should be permitted; however, the relief requested will be limited by the confirmation order in this case. Under 11 U.S.C. § 1141(d)(1)(A), the confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation." Although the debt or claim in this case may be disputed, it is still a right to payment and is subject to discharge on the date of confirmation. See MCI, Inc. v. West (In re Worldcom, Inc.), 328 B.R. 35, 44-45 (Bankr. S.D.N.Y. 2005). The court grants the defendants leave to file the counterclaim but pursuant to § 1141, damages relating to the plaintiff's pre-confirmation conduct are only available to off-set the amounts owed to the plaintiff by the defendants.

As to the motion to join Mrs. Friedman as a party in this proceeding, under Rule 7019 of the Federal Rules of Bankruptcy Procedure, a person shall be joined as a party if "in the person's absence complete relief cannot be accorded among those already parties." The plaintiff contends that the defendants, not Mrs. Friedman, are injured by the alleged unauthorized use of labels. The defendants argue that Mrs. Friedman may be injured because unauthorized use could dilute the value of her ownership of the labels. The court agrees that if Mrs. Friedman is the owner of the labels, unauthorized use could devalue her property, causing injury to her. Accordingly, the court finds that Mrs. Friedman is a necessary party and will allow her to be joined as a party in this proceeding pursuant to Rule 7019.

5

II.     Defendants' Motion to Compel

On January 20, 2006, the defendants served a first set of requests for admissions, interrogatories and requests for production of documents to plaintiff. In the interrogatories, the defendants requested pallet tags to confirm the point of origin of potatoes sold by the plaintiff. The plaintiff asserts that their pallet tags are not maintained for more than three months after a shipment. The defendants produced at the hearing a document provided by the plaintiff that resembled a pallet tag listing the defendant, Charlie Friedman, as the salesperson. The date on the document is March 2, 2006. The defendants argue that pallet tags must be available for production if defendants' counsel received a pallet tag from the plaintiff for a shipment in September of 2002.

The president of the plaintiff, Mr. Miller, testified that the recreation of all pallet tags for the last six years would require the efforts of several employees, including a technical advisor, the production of thousands of documents, and multiple computer screens. Mr. Miller asserted that the plaintiff did not have the resources to create the documents requested by the defendants. Although the defendants did receive some pallet tags, Mr. Miller explained that his employees were only able to recreate forty to sixty pallet tags using the defendant, Charlie Friedman, as the salesperson.

Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, discovery shall be limited by the court upon a determination that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." This "cost-benefit" analysis allows the court "to fashion reasonable limits to potentially burdensome discovery requests." Hopson v. The Mayor and City Council of Baltimore, 232

F.R.D. 228, 244-45 (D. Md. 2005).

The burden on the plaintiff in this case to produce pallet tags outweighs the benefit to the defendants. All other documents requested by the defendants have been produced and the only additional information that could be obtained from the pallet tags is the point of origin of each of the plaintiff's shipments. Although this information might facilitate the defendants' examination of the plaintiff's business records, it does not outweigh the burden on the plaintiff to hire a technical advisor, set up multiple computer screens, and produce thousands of documents requiring approximately forty hours.

Based on the testimony of Mr. Miller, the court finds that the creation of numerous documents, not maintained in the plaintiff's ordinary course of business, is unduly burdensome. Accordingly, the defendants' motion to compel is denied.

III.    Plaintiff's Motion to Compel Compliance with Subpoena

On March 1, 2006, the plaintiff gave notice of deposition of Pamela Friedman to be taken on March 21, 2006 in Mobile, Alabama. A subpoena was served on Mrs. Friedman by service on defendants' counsel. On the date of the deposition, Mrs. Friedman appeared but did not produce documents requested in Exhibit A to the subpoena, including documents relating to her ownership interest in sweet potato labels. The deposition was interrupted when defendants' counsel informed plaintiff's counsel that Mrs. Friedman was physically and mentally unable to continue. Defendants' counsel requested that the deposition be continued and assured plaintiff's counsel that Mrs. Friedman would complete the deposition at a mutually acceptable date and time in Raleigh, North Carolina at her own expense.

On July 11, 2006, Mrs. Friedman appeared to complete her deposition in Raleigh. She again failed to produce the documents listed in Exhibit A of the subpoena. The plaintiff seeks an order from the court compelling Mrs. Friedman to produce the requested documents. The defendants assert that any documents relating to Mrs. Friedman's ownership interest in the labels were stored in her house or storage unit, both located in Slidell, Louisiana. These structures allegedly sustained damage from Hurricane Katrina. The defendants argue that efforts have been made to comply with the subpoena but the documents in question may no longer exist.

Based on the foregoing, the court directs Pamela Friedman to produce all documentary evidence of her ownership in the sweet potato labels within thirty days of the hearing. If she fails to do so, the documents will be barred from use as evidence in this case, including exhibits at trial. Accordingly, the plaintiff's motion to compel compliance with subpoena is granted.

IV.   <u>Plaintiff's Motion to Compel Compliance with Subpoena, to Compel Testimony, for a Finding of Contempt, and for Assessment of Sanctions and Costs</u>

On March 1, 2006, the plaintiff gave notice of deposition of George Peturis to be taken on March 21, 2006 in Mobile, Alabama. Plaintiff served a subpoena on Mr. Peturis on March 6, 2006 by certified mail, return receipt requested. The certified mail receipt was accepted and signed by Eloise Peturis. On the date of the deposition, Mr. Peturis appeared but failed to produce the documents requested in Exhibit A to the subpoena. Mr. Peturis also refused to answer certain questions. The plaintiff seeks an order compelling Mr. Peturis to produce the requested documents and to testify, as well as a finding of contempt of court against Mr. Peturis and for assessment of appropriate sanctions and costs.

The court noted at the hearing that the subpoena served on Mr. Peturis was not enforceable under Rule 9016 of the Federal Rules of Bankruptcy Procedure. Under Rule 9016(a)(2), "a subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." The plaintiff's notice of deposition states that the deposition of Mr. Peturis will take place in Mobile, Alabama. The subpoena attached to the notice was issued from the Eastern District of North Carolina. At the hearing, plaintiff's counsel asserted that the subpoena was valid and requested an opportunity to provide authority to support their assertion. The court allowed the plaintiff ten days to supplement the record.

The ten day time period has expired and the plaintiff has not filed any additional memoranda supporting its assertion that the subpoena served on Mr. Peturis is enforceable. Pursuant to Rule 9016, the court finds that the subpoena is facially invalid. Accordingly, the plaintiff's motion to compel, for a finding of contempt, and for sanctions is denied.

V.      Plaintiff's Motion for Leave to Amend Complaint

At the hearing, this motion was deemed withdrawn without prejudice to a renewal of the motion if further discovery provides a basis for future amendment.

VI.     Plaintiff's Motion to Compel Complete Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendants

On January 16, 2006, defendants served their responses to plaintiff's first set of interrogatories and requests for production of documents upon plaintiff. The defendants responded to four interrogatories and four requests for production by providing load folders, in lieu of supplying the information and documents requested. Plaintiff's counsel agreed to accept the load folders because of a

time constraint but informed the defendants that the plaintiff was not waiving its right to demand production of the complete documents and information at a later date. The plaintiff has determined that it will require the complete responsive documents. Defendants argue that the load folders are responsive and contain all the necessary information.

The court finds that the defendants must provide the complete documents and information requested in the plaintiff's first set of interrogatories and requests for production of documents within twenty days of the hearing. As the defendants did not provide any evidence that the production of these documents is unduly burdensome, a cost-benefit analysis under Rule 26(b)(2) is not required. Accordingly, the plaintiff's motion to compel complete responses is granted.

VII.     Defendants' Objection to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents to Defendants

On January 30, 2006, the court entered an order that set February 24, 2006 as the deadline to complete discovery. On February 24, 2006, the plaintiff submitted its second set of interrogatories and requests for production of documents. The deadline to respond to the second set of discovery was March 27, 2006, outside the court's deadline. The defendants assert that the plaintiff's second set of discovery is untimely and does not require a response. The plaintiff contends that February 24, 2006 is the deadline for submitting discovery requests, not the deadline for completing discovery.

Under Local Civil Rule 26.1(b), EDNC, "parties shall schedule and conduct discovery in accordance with the order entered [by the court] pursuant to FED. R. CIV. P 16." Although the Local Bankruptcy Rules of Practice and Procedure do not contain a similar provision, this court has consistently required litigants to complete discovery by the court's discovery deadline. See In re

10

DesChamps Building Corp., Case No. 03-06249-8-JRL (Bankr. E.D.N.C. May 6, 2005).

Based on the foregoing, the court finds that the plaintiff's second set of interrogatories and requests for production of documents is untimely. The defendants are not required to respond to this second set of discovery. Accordingly, the defendants' objection is sustained.

**"End of Document"**