SO ORDERED.

SIGNED this 15 day of October, 2007.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

SOUTHERN PRODUCE                                    Case No. 03-02838-8-JRL
DISTRIBUTORS, INC.,
        Debtor.

SOUTHERN PRODUCE                                    Adversary Proceeding No.:
DISTRIBUTORS, INC.,                                 05-00013-8-AP
        Plaintiff,

    vs.

CHARLIE FRIEDMAN and
FRIEDMAN & BROUSSARD
PRODUCE, INC.,
        Defendants.

CHARLIE FRIEDMAN, PAMELA
FRIEDMAN, and FRIEDMAN &
BROUSSARD PRODUCE, INC.,
        Counter-Claimants and
        Third Party Plaintiffs,

    vs.

SOUTHERN PRODUCE
DISTRIBUTORS, INC. and
D. STEWART PRECYTHE,
        Third Party Defendants.

_____

## ORDER

This case is before the court on the motion to dismiss the complaint of Southern Produce Distributors, Inc. ("Southern Produce") filed by defendants Charlie Friedman, Pamela Friedman, and Friedman & Broussard Produce, Inc. (Friedman & Broussard) (collectively "defendants") on April 17, 2007, and on plaintiff Southern Produce's motion to strike defendants' motion to dismiss and amended motion to strike defendants' motion to dismiss filed on April 26, 2007 and April 30, 2007, respectively.  On August 27, 2007, the court conducted a hearing on these matters in Raleigh, North Carolina.

## BACKGROUND

On March 24, 2000,  Southern Produce entered into a contract with Charlie Friedman and Friedman & Broussard regarding the brokering and sale of sweet potatoes.  Southern Produce later filed a Chapter 11 bankruptcy petition with the bankruptcy court for the Eastern District of North Carolina on March 31, 2003.  In its bankruptcy petition, schedules, and amendments, Southern Produce listed Friedman & Broussard as having a claim against the debtor, but did not disclose any claims of the debtor against defendants.  Southern Produce's Second Amended Chapter 11 Plan was confirmed by this court on September 17, 2004, and contains the following provisions relevant to this motion to dismiss:

    1.3     "Bankruptcy Causes of Action" [shall mean][sic] any claim or cause of action which may be asserted by a trustee or debtor-in-possession under Sections 541, 542, 543, 544, 546, 547, 548 549, 550, or 553, inclusive, of the Bankruptcy Code.

    1.17   "Designated Litigation" shall mean all claims or causes of action of the Debtor arising on or before the Effective Date that have not been disposed of on or prior to the Effective Date by settlement, dismissal or judgment, including but not limited to any Bankruptcy Causes of Action as defined herein.

2

7.7    "Designated Litigation.  Debtor shall continue or commence any collection action or Bankruptcy Causes of Action in the Bankruptcy Court, as practicable and in its sole discretion, necessary in furtherance of its Plan implementation/Means of Execution provisions.

Art 11   "Retention of Jurisdiction.  The Bankruptcy Court shall, after Confirmation, retain jurisdiction of this case to hear and determine the allowance of claims and all claims against the Debtor pursuant to Section 502 of the Code; to determine the allowance of timely filed claims resulting from the rejection of executory contracts; to determine any dispute as to the classification or allowance of claims, to fix and determine all pre-confirmation professional fees and other costs of administration; to require the performance of any act contemplated by the provisions of this Plan as necessary for the consummation of the Plan; to resolve all the matters as may be set forth in the Order of Confirmation.  In the event an appeal is perfected from the Order confirming the Plan, the funds under the Plan or the consummation thereof as may be necessary to protect the interest of the debtor, its creditor and parties in interest."

On January, 19, 2005, Southern Produce filed a complaint, alleging that the defendants breached the March 24, 2000 contract by contacting and soliciting Southern Produce's customers without its consent.  On April 17, 2007, the defendants filed a motion to dismiss the complaint of Southern Produce under Bankruptcy Rule 7012(b)(6).  Southern Produce filed a motion to strike the motion to dismiss on April 26, 2007, filed an amended motion to strike defendants' motion to dismiss on April 30, 2007, and filed a response to defendants' motion to dismiss on May 10, 2007.

## STANDARD OF REVIEW

For purposes of deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to bankruptcy by Bankruptcy Rule 7012, the court takes the complaint's factual allegations as true.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  Dismissal is appropriate if the nonmoving party can prove no set of facts sufficient to support its claims for relief.  Id.

3

## ANALYSIS

1.  Defendant's Motion to Dismiss

     In the Brief in Support of Motion to Dismiss, the defendants set forth two theories as to why the court should dismiss the adversary proceeding filed by Southern Produce: (1) res judicata, and (2) estoppel.[1]

A.  Res Judicata

     The defendants assert that the complaint of Southern Produce should be dismissed based on the doctrine of res judicata.  The doctrine of res judicata precludes the litigation of "matters that were or could have been litigated in an earlier proceeding."  In re Weidel, 208 B.R. 848, 850 (Bankr. M.D.N.C. 1997).  In the bankruptcy context, "a bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect."  Id.  (quoting In re Varat Enterprises, Inc., 81 F.3d 1310 (4th Cir. 1996)).  Although the res judicata effect of a confirmed plan could bar subsequent adversary proceedings against parties to the bankruptcy, courts have held that adversary proceedings can ensue if the debtor properly reserves the causes of action in the confirmed plan.  See e.g., First Union Comm. Corp. v. Nelson, Mullins, Riley, & Scarborough (In re Varat Enterprises, Inc.), 81 F.3d (4th Cir. 1996).

     In this case, the defendants argue that the contract claims against the defendants were not sufficiently reserved in the confirmed plan to allow Southern Produce to file the adversary proceeding.  In support of this argument, the defendants cite authority from the Sixth and

---

[1] The Brief in Support of Motion to Dismiss raises only the issues of res judicata and estoppel.  To the extent that the issue of subject matter jurisdiction was raised at the hearing, the court remains persuaded that this is a core proceeding over which the bankruptcy court has jurisdiction, even in light of the test recently set forth by the Fourth Circuit in Valley Historic Ltd. P'ship v. Bank of N.Y., 486 F.3d 831 (4th Cir. 2007).

Seventh Circuits which, the defendants assert, stand for the proposition that a general reservation of a right to bring a claim is not sufficient to avoid the res judicata effect of a confirmed plan. Specifically, defendants rely on In re Browning, 283 F.3d 761 (6th Cir. 2002). In Browning, the Sixth Circuit recognized the ability of a party to defeat the principle of res judicata by reserving a cause of action in their confirmed plan, but stated that "a general reservation of rights does not suffice to avoid res judicata." Id. at 774. Defendants therefore urge the court to adopt the Browning rationale, and argue that Southern Produce's general reservation of jurisdiction in its confirmed Chapter 11 plan is not sufficient to reserve the right to later raise a contract claim against the defendants. On the other hand, Southern Produce argues that Browning was wrongfully decided and requests the court adopt the ruling of the Bankruptcy Court for the District of Delaware in In re USN Communications, Inc., 280 B.R. 573 (Bankr. D. Del. 2002). The plaintiff argues that USN Communications stands for the proposition that a general reservation of the right to pursue causes of action at a later date is sufficient to defeat the doctrine of res judicata, and that Southern Produce therefore effectively reserved the right to raise contract claims against the defendants.

Regardless of which line of cases the Fourth Circuit follows, the court denies the defendant's motion to dismiss on res judicata grounds because res judicata was not pled as an affirmative defense in the defendants' answer. The Federal Rules of Civil Procedure state that "[i]n pleading to a preceding pleading, a party *shall* set forth affirmatively . . . res judicata." Fed. R. Civ. P. 8. Failure to raise the affirmative defense of res judicata results in a waiver of the defense. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975). In this case, the defendants filed an answer to plaintiff's contract claims, but failed to plead the

5

affirmative defense of res judicata in the answer.  Consequently, the defendants waived the affirmative defense of res judicata and are barred from now asserting the defense more than two years after the plaintiff filed the initial complaint.  Since the defendants are precluded from raising the affirmative defense of res judicata, the court need not address the adequacy of the reservation of the right to sue provisions in Southern Produce's Chapter 11 plan.

B.  Estoppel

The defendants also argue that Southern Produce is precluded from pursuing this adversary proceeding under the theory of judicial estoppel.  Judicial estoppel is "an equitable doctrine that prevents a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding."  King v. Herbert J. Thomas Mem'l Hosp., 159 F.3d 192, 196 (4th Cir. 1998).  The purpose of the doctrine is to prevent parties from "playing fast and loose with the courts [by] blowing hot and cold as the occasion demands."  Id. The Fourth Circuit has generally recognized at least three elements that must be present for the doctrine of judicial estoppel to apply:

> (1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

Id.  See also Nat'l Union Fire Ins. Co of Pittsburgh v. Mfrs. & Traders Trust Co., 137 Fed. Appx. 529, 531, 2005 U.S. App. LEXIS 4757 at *4-5 (4th Cir. 2005); SAS Inst., Inc. v. PracticingSmarter, Inc., 2006 U.S. Dist. LEXIS 48517 at *11 (M.D.N.C. 2007); Shadow Factory Films Ltd. V. Swilley (In re Swilley), 295 B.R. 839, 850 (Bankr. D. S.C. 2003).

In this case, the defendants assert that the failure of Southern Produce to disclose its

potential cause of action against defendants in its bankruptcy petition, schedules, plan, or disclosure statement judicially estops Southern Produce from later pursuing the cause of action against defendants.  In support of this contention, the defendants cite In re D.A.K. Ranch, Inc., 1990 Bankr. LEXIS 2342 (Bankr. Neb. 1990) and In re USinternetworking, Inc., 310 B.R. 274 (Bankr. Md. 2004).  In both cases, the bankruptcy court dismissed adversary proceedings filed by debtors who failed to disclose the causes of action prior to plan confirmation on the grounds of judicial estoppel.  However, Southern Produce argues that these cases are distinguishable from the case at hand because, whereas D.A.K. Ranch and In re USinternetworking both involved active concealment of causes of action and reliance by creditors, Southern Produce did not take part in any active concealment of the contract claims.  Because Southern Produce did not engage in any misrepresentation or active concealment of the claims against defendants, Southern Produce argues that allowing the adversary proceedings to continue would not cause an affront to the judicial system or cause unfair prejudice to any party.

However, as with the defendants' res judicata argument, the court denies the defendants' motion to dismiss on judicial estoppel grounds because judicial estoppel was not pled as an affirmative defense in the defendants' answer. The Federal Rules of Civil Procedure state that "[i]n pleading to a preceding pleading, a party *shall* set forth affirmatively . . . estoppel."  Fed. R. Civ. P. 8.  The failure to plead an affirmative defense generally results in a waiver of the defense. Brinkley v. Harbour Rec. Club, 180 F.3d 598, 612 (4th Cir. 1999) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990)).  Therefore, the defendants are precluded from now asserting the defense of estoppel more than two years after the filing of the adversary proceeding.

2. <u>Plaintiff's Motion to Strike Defendants' Motion to Dismiss</u>

Southern Produce argues that the Defendants' Motion to Dismiss is untimely and should thus be stricken by the court. In support of this contention, Southern Produce cites the July 18, 2005 Pretrial Scheduling Order entered by this court, which set the deadline for filing motions in the adversary proceeding for December 11, 2005. The defendants filed a motion to dismiss the complaint of Southern Produce on May 3, 2005, which simply stated that the complaint should be dismissed pursuant to Rule 12(b)(6) because it "failed to state a claim upon which relief could be granted." The defendants' Brief in Support of Motion to Dismiss was not filed until April 17, 2007, which Southern Produce asserts was beyond the deadline for motions to be filed. On August 24, 2006, this court entered an order allowing the defendants to file a counterclaim and third party complaint, which was filed by defendants against Southern Produce and D. Stewart Precythe on November 16, 2006. After a telephone conference with the parties, the court entered an order reopening discovery until March 22, 2007 and extended the motions deadline until April 21, 2007. Although no express language was contained in the order, Southern Produce contends that the court intended, and the parties understood, that the extension of both the discovery and motions deadlines related solely to the newly filed counterclaim and third party complaint. Therefore, Southern Produce contends that the deadline for the defendants' motion to dismiss was March 27, 2006.

Although the court agrees that the order extending deadline for motions to be filed until April 21, 2007 was intended to relate solely to the new counterclaim and the third party complaint, there is no language in the order which so limits the effect of the order. Therefore, the defendants had until April 21, 2007 to file their motions in the adversary proceeding. Because the

Brief in Support of Motion to Dismiss was filed on April 17, 2007, the brief was timely filed and Southern Produce's motion to strike the motion to dismiss is denied.

## CONCLUSION

Based on the forgoing, the defendants' motion to dismiss the complaint of Southern Produce is DENIED.  The plaintiff's motion to strike the defendant's motion to dismiss is also DENIED.

"END OF DOCUMENT"